# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ALFRED RAY CESSPOOCH,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DISMISSING THE PLAINTIFF'S MOTION TO VACATE HIS SENTENCE UNDER 28 U.S.C. § 2255**<br><br>Case No. 2:17-cv-00160-JNP<br><br>Judge Jill N. Parrish |

Before the court is movant Alfred Cesspooch's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Docket 1]. The court DISMISSES the motion without prejudice for lack of jurisdiction.

On January 9, 1997, Mr. Cesspooch was sentenced to 390 months of imprisonment. [2:93-cr-00281-PGC, Docket 113]. Since then, Mr. Cesspooch has filed at least two previous motions to amend his sentence pursuant to 28 U.S.C. § 2255. *Cesspooch v. United States*, No. 2:16-CV-883-DN, 2016 WL 4769350, (D. Utah Sept. 13, 2016); *Cesspooch v. United States*, No. 2:16-CV-662-JNP, Docket 1.

The present *pro se* motion was filed on March 6, 2017 and is at least Mr. Cesspooch's third Section 2255 motion. Mr. Cesspooch has provided no indication that he has obtained permission from the Tenth Circuit to file this fifth motion.

Subsection (h) of 28 U.S.C. § 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law." Section 2244 further

states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). Therefore, "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

If a movant files a successive 2255 motion without obtaining the appropriate certification from the Tenth Circuit, the district court has two options. It may dismiss the petition for lack of jurisdiction or it may transfer the motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631 so that the appropriate panel may determine whether to certify the successive petition. *Id.* at 1252; *Coleman v. United States*, 106 F.3d 339, 340–41 (10th Cir. 1997) (per curiam). A district court may only transfer the motion if it determines that the transfer would be "in the interest of justice." 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."); *Cline*, 531 F.3d at 1252. "Factors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely, and a finding that the original action was filed in good faith." *Coleman*, 106 F.3d at 341 (citation omitted).

In this case, the court finds that the interests of justice require dismissal rather than a transfer of Mr. Cesspooch's third Section 2255 motion. This *pro se* motion merely replicates the basic argument made in his other Section 2255 motion filed in this court. *See* 2:16-cv-00662-JNP. Moreover, in this previously filed motion, Mr. Cesspooch is represented by counsel and the

court recently filed an order dismissing the motion as untimely. *Id.* at Docket 16. Therefore, there is no good reason to transfer this redundant motion to the Tenth Circuit rather than dismiss it for a lack of jurisdiction.

The court, therefore, DISMISSES without prejudice Mr. Cesspooch's third motion to vacate and amend his sentence because the court lacks jurisdiction to consider the motion. [Docket 1].

Dated October 5, 2017.

BY THE COURT:

_____
JILL N. PARRISH
UNITED STATES DISTRICT COURT JUDGE